Hal Michael Clyde, CA Bar No. 302473
michael.clyde@perkinscoie.com
ASHURST PERKINS COIE US LLP
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300
Facsimile: +1.650.838.4350

Attorneys for Plaintiff
WADE BENTON, in his capacity as Sellers' Representative

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WADE BENTON, in his capacity as Sellers' Representative,<br><br>Plaintiff,<br><br>v.<br><br>CIVI BIOPHARMA HOLDINGS, INC., a Delaware Corporation, and BTG INTERNATIONAL, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 4:25-cv-1000-JST<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Date: September 1, 2026<br>Time: 2:00 p.m.<br>Judge: Hon. Jon S. Tigar |

Plaintiff Wade Benton, in his capacity as Sellers' Representative ("Plaintiff") and Defendant CiVi Biopharma Holdings, Inc. ("CiVi") and collectively with CiVi and Plaintiff, "the Parties"), hereby submit this Joint Case Management Statement pursuant to the Court's Order, Dkt. No. 102.

## I. JURISDICTION AND SERVICE

This is a breach of contract action between parties that are citizens of different states or of foreign states, in which the sum in controversy exceeds $75,000. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## II. FACTUAL BACKGROUND

*Plaintiff's Statement*

Plaintiff Wade Benton—the Sellers' Representative under a 2018 Stock Purchase Agreement ("SPA")—alleges that CiVi breached its core obligation to pay a $2,000,000 Base Purchase Price within 60 days after FDA approval of the first NDA for an Eicos-developed iloprost product, and refuses to provide assurances regarding future contractual Milestone Payments based on sales of FDA-approved iloprost products. The FDA approved Aurlumyn (iloprost IV) for severe frostbite on February 13, 2024, triggering payment by April 13, 2024, yet CiVi has not paid despite repeated written demands and the SPA's plain terms. Plaintiff also seeks indemnification for Losses (including attorneys' fees) under the SPA's indemnity provisions.

Plaintiff further alleges that, after defaulting, CiVi transferred Aurlumyn rights to Defendant BTG via an Asset Purchase Agreement ("APA") in or around October 2024, and that BTG intentionally interfered with the SPA by facilitating a transaction that stripped CiVi of key assets and obscured sales reporting, making CiVi's performance more difficult or impossible and perpetuating the nonpayment. Plaintiff seeks damages for interference as well as rescission of the SPA, returning the approved NDA to Benton, if CiVi's material breach is not cured. The declaratory judgment claim seeks confirmation that the Base Purchase Price was due April 13, 2024, that future Milestones must be paid as achieved, and that CiVi (and any successor/assignee as shown by the evidence) remains responsible for those obligations.

Plaintiff looks forward to proceeding with the case, including by seeking summary judgment on his breach of contract and declaratory judgment claims, now that the Motions to Dismiss are resolved.

*Defendants' Statement*

In 2018, Plaintiff and the other selling shareholders of Eicos Sciences, Inc. ("Eicos") made a deal (the SPA) that provided for contingent consideration if, and only if, CiVi achieved certain milestones, including FDA approval, for a product developed for one of three specific medical indications. Even with Plaintiff's assistance and CiVi's investment of significant resources, including on multiple clinical trials, CiVi never obtained FDA approval for any such product and thus the contingent milestone payment never came due. Plaintiff then, years after the fact, sought a new deal with different terms, demanding to "amend" the SPA to eviscerate its limitation to products developed for three specified medical indications and to expand it to cover any medical indication. However, the selling shareholders provided no consideration for any such new deal, nor were they signatories to the purported amendment.

**III. DISPUTED LEGAL ISSUES**

The key legal issues disputed by the Parties are described in Defendants' Motions to Dismiss the Second Amended Complaint, filed February 2, 2026, which the Court decided in Dkt. No. 103. The Parties reserve the right to identify additional disputed legal issues in the future.

**IV. MOTIONS**

There are no motions currently pending.

**V. AMENDMENT OF PLEADINGS**

The Parties are engaged in settlement discussions, the possibility of a settlement conference before a magistrate or mediation as necessary to resolve those discussions. The Parties propose that a further case management conference be set after the current settlement discussions are concluded, but in no event later than December 1, 2026, at which time the Parties can address deadlines, including those for amendment of pleadings.

**VI. EVIDENCE PRESERVATION**

*Plaintiff's Statement*

Plaintiff has preserved the information covered by his retention obligations.

*Defendants' Statement*

Defendants have complied with their preservation obligations.

**VII. DISCLOSURES**

The Parties are engaged in settlement discussions, the possibility of a settlement conference before a magistrate or mediation as necessary to resolve those discussions. The Parties propose that a further case management conference be set after the current settlement discussions are concluded, but in no event later than December 1, 2026, at which time the Parties can address deadlines, including those for service of initial disclosures.

**VIII. DISCOVERY**

The Parties are engaged in settlement discussions, the possibility of a settlement conference before a magistrate or mediation as necessary to resolve those discussions. The Parties propose that a further case management conference be set after the current settlement discussions are concluded, but in no event later than December 1, 2026, at which time the Parties can address deadlines, including those for a Rule 26(f) conference and other discovery.

**IX. CLASS ACTION**

This case is not a class action.

**X. RELATED CASES**

The Parties are unaware of any related cases.

**XI. RELIEF**

Plaintiff seeks damages, indemnification against losses (including attorneys' fees) and rescission of the SPA.

**XII. EXPEDITED TRIAL PROCEDURE**

No trial date has been set.

**XIII. SCHEDULE**

The Parties are engaged in settlement discussions, the possibility of a settlement conference before a magistrate or mediation as necessary to resolve those discussions. The Parties propose that a further case management conference be set after the current settlement discussions

are concluded, but in no event later than December 1, 2026, at which time the Parties can address the schedule for this action.

**XIV. TRIAL**

No Party has requested a trial by jury. Section 8.7 of the SPA includes a broad waiver of the right to trial by jury.

**XV. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On January 31, 2025, Plaintiff filed a Certificate of Interested Parties and Entities pursuant to Civil Local Rule 3-15. (Dkt No. 1-8).

On April 15, 2025, CiVi filed a Certificate of Interested Parties and Entities pursuant to Civil Local Rule 3-15. (Dkt. No. 19).

On April 15, 2025, BTG filed a Certificate of Interested Parties and Entities pursuant to Civil Local Rule 3-15. (Dkt. No. 20).

**XVI. PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

August 25, 2026

**ASHURST PERKINS COIE US LLP**

By: */s/Hal Michael Clyde*
Hal Michael Clyde, Bar No. 302473

*Attorneys for Plaintiff*
*WADE BENTON, in his capacity as Sellers' Representative*

August 25, 2026

**GLUCK DANIEL ATKINSON LLP**

By: /s/ *Craig Daniel*
Craig Daniel, Bar No. 212588

Attorneys for Defendants
CIVI BIOPHARMA HOLDINGS, INC., a
Delaware Corporation

*Civil L.R. 5-1(i)(3) Attestation*

*The filer of this document attests that each of the other signatories has concurred in the filing of this document.*